IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM KOEPKE, SR.<br><br>v.<br><br>ALLSTATE VEHICLE & PROPERTY INSURANCE COMPANY | CIVIL ACTION<br><br>NO. 16-4633 |

**MEMORANDUM RE DEFENDANT'S MOTION TO DISMISS AND MOTION TO STRIKE**

**Baylson, J.**                                                                                                 **November 21, 2016**

    This case concerns the scope of a property insurance policy and whether the insurer, Allstate Vehicle & Property Insurance Company, breached its obligations to the insured, William Koepke, Sr. ("Plaintiff"), by its handling of Plaintiff's claim for benefits.  Plaintiff alleges two claims against Allstate: (1) breach of contract; and (2) bad faith under 42 Pa.C.S.A. § 8371.  Allstate now moves for dismissal under Federal Rule 12(b)(6),[1] citing Plaintiff's failure to join an indispensable party, and further moves to strike under Federal Rule 12(f) Plaintiff's demand for compensatory and consequential damages.

**I.     Facts and Procedural History**

    Plaintiff alleges that on August 29, 2015 he suffered damage to his property caused by a peril insured under the property insurance policy (the "Policy") in effect between himself and Allstate.  ECF No. 1, Notice of Removal, Ex. A ¶¶ 3-4.  Plaintiff further avers that he promptly notified Allstate of the loss and otherwise complied with the terms and conditions of the Policy, but that

---

[1] Defendant erroneously relies on Rule 12(b)(6) in arguing for dismissal of Plaintiff's claim for failure to join an indispensable party.  The controlling rule is Rule 12(b)(7), and this Court will consider the parties' arguments under that standard.  See Fed. R. Civ. P. 12(b)(7) ("failure to join a party under Rule 19"); Dukes v. Lancer Ins. Co., No. 08-4948, 2009 WL 3128467, at *1 n.3 (D.N.J. Sept. 24, 2009) (stating that although defendant brought a motion to dismiss under the wrong subsection of Rule 12(b), the court would consider the merits because "the failure to cite the correct rule is not material to this Court's analysis").

1

Allstate has refused to pay the benefits owed under the Policy. Id. ¶ 5. Plaintiff initiated this suit in the Court of Common Pleas on July 26, 2016, stating claims for breach of contract and statutory bad faith, and seeking damages in excess of $50,000. Id. ¶¶ 8-16. Allstate then filed a Notice of Removal on August 25, 2016 (ECF No. 1). On August 31, 2016, Allstate filed a motion to dismiss and a motion to strike (ECF No. 3), to which Plaintiff responded on September 19, 2016 (ECF No. 4). Allstate replied on October 1, 2016 (ECF No. 6).

## II. Discussion

### a. Leave to Amend

Allstate argues that Plaintiff's claim must be dismissed for failure to join an indispensable party: Plaintiff's wife, Catherine Koepke. In Plaintiff's response, he "concedes that [Mrs. Koepke] is an indispensable party to this litigation" and seeks leave to amend the complaint to join his wife as a party. Pl.'s Opp'n at 5. Allstate does not challenge Plaintiff's request for leave to amend. See Def.'s Reply. Therefore, we grant Plaintiff's request for leave to amend.

### b. Motion to Strike

Allstate further argues that this Court should strike Plaintiff's claim for compensatory and consequential damages from his statutory bad faith claim under Section 8371.[2] Because compensatory damages are not available under that Section, we grant the motion to strike and permit Plaintiff to amend his complaint such that he asserts these damages under his breach of contract claim.

---

[2] The parties' arguments focus on compensatory rather than consequential damages, but because the latter is a specific category of the former, the analysis proceeds the same for both. See Birth Center, 567 Pa. at 408 n.1 ("Compensatory damages consist of both 'general' and 'consequential' or 'special' damages. While general damages compensate the injured party for the immediate injury or loss sustained, consequential damages are damages that flow from the consequences of the direct injury.") (Nigro, J., concurring) (citing Black's Law Dictionary 390 (6th ed. 1990)). Therefore, although this Memorandum solely discusses compensatory damages, the analysis applies equally to Plaintiff's claim for consequential damages.

Rule 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  McInerney v. Moyer Lumber & Hardware, Inc., 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002).  Whether a motion to strike should be granted is within the sound discretion of the district court.  See Davis v. Corr. Med. Servs., 436 F. App'x 52, 53 (3d Cir. 2011) ("[A] district court's decision to grant a motion to strike a pleading will not be disturbed absent an abuse of discretion.").  Notwithstanding the trial court's latitude in making this determination, "such motions are 'not favored and usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case.'"  Synthes, Inc. v. Emerge Med., Inc., No. 11-1566, 2012 WL 4473228, at *3 (E.D. Pa. Sept. 28, 2012) (quoting River Road Devel. Corp. v. Carlson Corp., No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)).

Here, Allstate moves to strike Plaintiff's request for compensatory and consequential damages from Count II because, it argues, those damages are not recoverable in a statutory bad faith claim under Section 8371.  Def.'s Mot. at 8.  Although Allstate correctly cites The Birth Center v. St. Paul Companies, Inc., 567 Pa. 386 (2001) for the rule that Section 8371 does not provide for compensatory damages,[3] that holding does not end the inquiry.  Rather, the Court in Birth Center explained that Section 8371 "does not alter [the insured's] common law contract rights," including its right to seek compensatory damages.  Birth Ctr. v. St. Paul Cos., Inc., 567 Pa. 386, 402 (2001).  Indeed, the court was clear that "[t]he statute does not prohibit the award of compensatory damages" because it neither "reference[s] the common law, . . . [nor] explicitly reject[s] it, and [because] application of the statute is not inconsistent with the common law."  Id. at 402-03.

---

[3] See also Charter Oak Ins. Co. v. Maglio Fresh Food, 45 F. Supp. 3d 461, 468 (E.D. Pa. 2014) ("The statutory bad faith claim sounds primarily in tort law, because punitive damages are the only remedy . . .") (emphasis added).

Therefore, in order for Plaintiff to pursue compensatory damages, he must do so on the basis of his breach of contract claim.[4] Plaintiff acknowledges this fact in his Response by asserting that his claim for these damages arises under Allstate's alleged breach of the covenant of good faith and fair dealing, which is a facet of the breach of contract claim.[5] See Pl.'s Opp'n at 6-8. Plaintiff's analysis hits a snag, however, due to the drafting of his complaint, in which he specifically asserts compensatory damages under Section 8371: "Defendant has acted in bad faith in violation of 42 Pa.C.S.A. § 8371, for which Defendant is liable for . . . such other compensatory and/or consequential damages as are permitted by law." Notice of Removal, Ex. A ¶ 16.

Two cases from this Circuit addressing such a situation are instructive. In Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404 (W.D. Pa. 2011), the court denied defendant's motion to strike plaintiff's claim for compensatory damages from the *ad damnum* clause of plaintiff's Section 8371 claim despite acknowledging that such damages were not available under that statute. The court explained that although "[p]laintiff did not use the express term 'compensatory damages' in his prayer for relief under [his breach of contract claim] . . . . [r]eading the two counts together, there [was] no redundant demand for compensatory damages." Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404, 410-11 (W.D. Pa. 2011). A court in this district took a different approach to a similar scenario—the court dismissed compensatory damages claims pleaded under Section 8371, but granted the plaintiff leave to amend its contractual claim to include compensatory damages. See Cummings v. Allstate Ins. Co., 832 F. Supp. 2d 469 (E.D. Pa.

---

[4] Defendant's contention that Plaintiff cannot pursue compensatory damages on his contractual claim because Birth Center was a third party excess verdict case rather than a first party property damage case does not sway this Court. There is no indication that the court in Birth Center cabined the reach of its decision to the circumstances of a third party excess verdict case; rather, the court was clear that compensatory damages are recoverable when an insurer breaches its "contractual duty to act in good faith." Birth Center, 567 Pa. at 390. Case law following Birth Center likewise bears this out. See Simmons v. Nationwide Mut. Fire Ins. Co., 788 F. Supp. 2d 404 at 410-11 (W.D. Pa. 2011) (recognizing insured plaintiff's ability to obtain compensatory damages from insurer for common law breach of contract in first party property damage case); Cummings v. Allstate Ins. Co., 832 F. Supp. 2d 469 at 471 (E.D. Pa. 2011) (same).
[5] It is well-settled that "courts generally treat a breach of [the duty of good faith and fair dealing] as a breach of contract action." Ash v. Cont'l Ins. Co., 593 Pa. 523, 532-33 (2007); Charter Oak, 45 F. Supp. 3d at 468 (stating that "a cause of action based on breach of an implied duty of good faith arises out of the contractual relationship itself").

2011).  The plaintiff in Cummings, like Plaintiff in this case, had brought a breach of contract claim which did not include a request for compensatory damages, and a statutory bad faith claim which did.  Id. at 471.

The disposition of Cummings is appropriate in the instant case for two reasons.  First, Plaintiff's request for compensatory damages is set forth explicitly in Count II, indicating his intent to seek compensatory damages under Section 8371, in contrast to the complaint in Simmons in which the prayer for compensatory damages was included within an *ad damnum* clause.  Second, this Court is granting Plaintiff's leave to amend to join Catherine Koepke, meaning that Plaintiff will bear no significant additional burden in amending his claim for compensatory damages, as well.  These two factors counsel in favor of taking the approach of the Cummings court.

Accordingly, we will grant Allstate's motion to strike Plaintiff's claim for compensatory damages in Count II and permit Plaintiff to submit an Amended Complaint reflecting his claim for compensatory damages under Count I's breach of contract.

### III.    Conclusion

The Court denies as moot Defendant's motion to dismiss for failure to join an indispensable party and grants Defendant's motion to strike.  Plaintiff has fourteen (14) days in which to submit an Amended Complaint.